Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Fax:  (801) 933-7373
kapaloski.tammy@dorsey.com

Case Collard (pro hac vice to be filed)
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone:  (303) 689-3400
Fax:  (303) 629-3450
collard.case@dorsey.com

*Attorneys for Plaintiffs*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CRUMBL LLC**, a Utah Limited Liability Company, **CRUMBL IP, LLC**, a Utah Limited Liability Company, and **CRUMBL FRANCHISING, LLC**, a Utah Limited Liability Company,<br><br>      Plaintiffs,<br><br>vs.<br><br>**CRAVE COOKIES, LLC**, a Utah Limited Liability Company, and **CRAVE COOKIES FRANCHISING, LLC**,<br><br>      Defendants. | **COMPLAINT FOR TRADE DRESS INFRINGEMENT AND RELATED CLAIMS**<br><br>Civil No.  2:22-cv-00319-DAO<br><br>Judge  Daphne A. Oberg |

Plaintiffs Crumbl LLC, Crumbl IP, LLC, and Crumbl Franchising, LLC, (collectively "Crumbl" or "Plaintiffs"), by and through their counsel, alleges and complains against Defendants Crave Cookies, LLC and Crave Cookies Franchising, LLC ("Crave" or "Defendants") as follows:

### NATURE OF THE ACTION

1.     This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"), the laws of the State of Utah, and the

common law. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, as it involves claims arising under the Lanham Act.

2.      Since 2017, Crumbl has sold and promoted its gourmet cookies and has achieved tremendous success based on its unique business model, valuable intellectual property, and substantial investment in time, resources, and incredibly hard work poured into the Crumbl business by its founders. Based on that hard work and effort, Crumbl is in an enviable position today with its recognized brand, substantial goodwill, and hundreds of franchisee stores across the nation. In November of 2019, after Crumbl denied an application by Crave's founder to become a Crumbl franchisee, Crave began selling and promoting its copycat gourmet cookies using packaging, decor, and presentation that is substantially and confusingly similar to Crumbl's established and successful trade dress and brand identity. Crave's unauthorized use of Crumbl's trade dress is an effort to ride the coattails of the valuable goodwill, reputation, and brand identity associated with Crumbl. Through this action, Crumbl seeks to stop Crave's infringement of Crumbl's valuable intellectual property rights and seeks redress for the harm caused by Crave's copying.

3.      Among other remedies, Crumbl seeks injunctive and monetary relief for injuries that have been, and will continue to be, caused by Crave Cookies' unauthorized use of Crumbl's trade dress, in violation of the Lanham Act (15 U.S.C. § 1125(a)) and related Utah laws.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims in this Complaint pursuant to 15 U.S.C. § 1125 and 28 U.S.C. §§ 1331, 1338, and 1367. Crumbl's claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

5.      Upon information and belief, this Court has personal jurisdiction over Crave because it is a Utah limited liability company with a principal place of business in the State of Utah. In addition, Crave sells and promotes its products in the State of Utah, committed tortious acts aimed at, and causing harm within, the State of Utah, and the events giving rise to the claims asserted in this Complaint have occurred and will continue to occur in the State of Utah.

6.      Venue is proper in this Court under 28 U.S.C. § 1391 because the parties transact business in this District, because a substantial part of the events giving rise to Crumbl's claims have occurred, and are occurring, within this District, and because the damage to Crumbl and its intellectual property described herein has occurred and continues to occur in this District.

## THE PARTIES

7.      Plaintiff Crumbl LLC is a Utah limited liability company with its principal place of business in Orem, Utah.

8.      Plaintiff Crumbl IP, LLC is a Utah limited liability company with its principal place of business in Orem, Utah.

9.      Plaintiff Crumbl Franchising, LLC is a Utah limited liability company with its principal place of business in Orem, Utah.

10.     Defendant Crave Cookies, LLC is a Utah limited liability company with its principal place of business in Salt Lake City, Utah.

11.     Defendant Crave Cookies Franchising, LLC is a Utah limited liability company with its principal place of business in Salt Lake City, Utah.

## GENERAL ALLEGATIONS

### Crumbl's Business Model and Intellectual Property Rights

3

12.     Crumbl, which operates a unique gourmet cookie business, opened its first store in Logan, Utah, in 2017, and has seen explosive growth since then. Crumbl now has over 400 franchisee stores operating in 44 states and its unique business is successful, popular, and expanding.

13.     To distinguish itself from competitors, Crumbl sells its gourmet cookies together with a unique trade dress and brand identity. Crumbl has invested substantial time and resources developing its brand identity, trade dress, and trademarks, which have accrued substantial goodwill and brand recognition.

14.     Crumbl's business model is distinctive in several ways. In addition to its storefronts, Crumbl offers a delivery service for its scratch-made gourmet cookies, which are sold along with ice cream and other bakery items. Crumbl packages its cookies, still-warm, in its unique oblong pink boxes, the trade dress of which is registered as provided below, featuring its registered CRUMBL COOKIES Logo (as defined below). Customers enjoy a seamless ordering experience on the Crumbl app or on iPads mounted to the kitchen walls in Crumbl's distinctive modern storefronts. Crumbl offers its timely cookie flavors through a weekly rotating menu, which customers keep up on through Crumbl's dynamic social media accounts and on Crumbl's website at www.crumblcookies.com, which Crumbl has operated since 2017.

15.     Long prior to the acts of Crave complained of herein, in connection with the operation of its website and the sale of its gourmet cookies, Crumbl commenced use of a distinctive trade dress on its product packaging and décor. Crumbl's unique product packaging and décor (referred to herein as the "Crumbl Trade Dress") includes, but is not limited to, the following unique and arbitrary features, individually or in combination with one another: cookie boxes with

no extra space that perfectly fit cookies lying side-by-side, whimsical, outline-shaped drawings, including a cookie with a bite taken out of it, that appear on the cookie boxes and other product packaging and décor, a weekly rotating menu available on Crumbl's website and other digital assets, a drawing in the shape of a cookie with a bite taken out of it, and the color pink.

      16.     Examples of the Crumbl Trade Dress are provided below:

| **Element of Trade Dress** | **Examples** |
|---|---|
| Decorative graphics appearing as outline-shaped drawings of a cookie with a bite taken out of it on Crumbl packaging and décor. |     |
| Whimsical, outline-shaped drawings on product packaging, presentation, and décor. |    |

5

Cookie boxes with no extra space that perfectly fit cookies lying side-by-side.



 



Weekly rotating menu.

   

# The Weekly Rotating Menu

Crumbl's rotating menu features 200+ flavors that are inspired by cakes, candies, pies, and desserts of all kinds. These flavors rotate weekly and keep customers coming back every week to try brand new flavors, stock up on returning favorites, or rediscover our classics.

17.     Crumbl's Crumbl Trade Dress is used in connection with every aspect of Crumbl's

business, including Crumbl's advertising and promotional materials, on Crumbl's product packaging and décor, on Crumbl's website and social media accounts, and in its storefronts.

      18.    In addition to its rights in the Crumbl Trade Dress, Crumbl has registered the following federal trademarks and trade dress:

      (a)    U.S. Reg. Number 5,855,051 (attached as **Exhibit A** hereto), filed August 29, 2018, and registered September 10, 2019, for its CRUMBL COOKIES logo:



      (The "CRUMBLE COOKIES Logo").

      (b)    U.S. Reg. Number 5910669 (attached as **Exhibit B** hereto), filed February 22, 2018, and registered November 12, 2019, for the word "Crumbl"; and

      (c)    U.S. Reg. Number 6305598 (attached as **Exhibit C** hereto), filed August 7, 2020, and registered March 30, 2021, for the design of its CRUMBL COOKIES packaging:



Collectively, the foregoing trademark registrations, which are owned by Crumbl, will be referred to herein as the "Registered Trademarks."

19.     Finally, Crumbl also holds common law trademark rights in "crumbl cookies" and its logo comprised of a double cookie with a bite taken out of it (shown below):



The foregoing common law marks, which have been continuously and exclusively used by Crumbl for years, will be referred to herein as the "Common Law Trademarks."

20.     Crumbl has expended considerable time and resources to create, develop, and promote its unique Crumble Trade Dress, its rights in the Registered Trademarks, and its rights in the Common Law Trademarks in connection with the operation of its website, social media accounts, and storefronts, and with the sale and promotion of its cookies.

21.     Crumbl's significant expenditures and sacrifices, including in developing and promoting its Crumbl Trade Dress, Registered Trademarks, and Common Law Trademarks, have resulted in the success it now enjoys. Crumbl's efforts and accomplishments have contributed to its reputation and goodwill, making its Registered Trademarks, the Crumbl Trade Dress, and its Common Law Trademarks well-known and recognized across the nation. Crumbl enjoys success and a highly regarded reputation in its field due in large part to its use of, and rights in, its trade dress and marks.

22.     Crumbl's trade dress and trademarks set forth above are inherently distinctive, and, due to Crumbl's substantial and significant sales, advertising, promotion, and publicity, are recognized as emanating from or being associated with Crumbl. Members of the consuming public

recognize Crumbl's trade dress and trademarks as indicators of a high quality product associated with Crumbl.

23.     As a result of Crumbl's continuous use of its trademarks and trade dress, including advertising and selling services under the same, the Registered Trademarks, the Common Law Trademarks, and the Crumbl Trade Dress have become assets of substantial value to Crumbl as a distinctive indication of the origin and quality of its services. Crumbl uses the Crumbl Trade Dress, the Common Law Trademarks, and the Registered Trademarks, in interstate commerce in connection with the sale and advertising of its cookies and other services nationwide.

24.     Crumbl enforces its intellectual property rights to ensure its continued success and excellent reputation.

**Crave's Unfair Competition and its Unauthorized**
**Copying, Exploitation, and Use of Crumbl's Intellectual Property**

25.     After years of Crumbl's extensive sales of its gourmet cookies in connection with the Crumbl Trade Dress and marks, Crave began offering the exact same type of product for sale to substantially the same consumers.

26.     Upon information and belief, Crave was founded in Utah in May of 2019, and opened its first cookie store in Midvale, Utah, thereafter.

27.     Upon information and belief, Crave also has a store in West Valley, Utah, and a Draper location is coming soon.

28.     Crave operates a website at www.cravecookies.com and also promotes its cookies on its social media accounts, including Facebook and Instagram.

29.     Crave and Crumbl directly compete with one another in the marketplace for gourmet cookies. Crave sells cookies in the same class of goods under which Crumbl's Registered

Trademarks are registered, uses a name and logo substantially similar to Crumbl's, and its cookie packaging, décor, and presentation are remarkably similar to, and mimics, the Crumbl Trade Dress.

30.    Specifically, and as shown below, Crave's logo includes a stylized cookie image with a bite out of it similar to Crumbl's Trade Dress and Common Law Trademark, its marketing images are similar to Crumbl's in both expression and look and feel, its cookies are dressed in a manner that imitates Crumbl cookies, and its packaging is confusingly similar to Crumbl's packaging.

31.    The problem for Crave, however, is that at the time it began operating a cookie business substantially similar to Crumbl's business, Crumbl had already been operating its gourmet cookie business, including under its trademarks and the Crumbl Trade Dress, for years.

32.    Crave chose a name and logo that is substantially similar to Crumbl's name and logo, including lower case lettering, a black circle, and a substantially identical cookie with a bite out of it, that copies the marks and trade dress that Crumbl used years before Crave began operating:

|  |  |
|:---:|:---:|
| **Crumbl's Trademarks** | **Crave's Copycat Marks** |








33.     Defendant's intent to copy all aspects of Crumbl's business even extends to how it decorates and photographs its cookies. For example, the following are side-by-side screenshots showing images of the parties' respective cookie presentation and décor:

**<u>Crumbl's Cookie Presentation</u>**   **<u>Crave's Copying Cookie Presentation</u>**

 

 

 



34.     In addition to copying Crumbl's cookie presentation and décor, Crave has also

knocked off other aspects of Crumbl's marketing as well:

**Crumbl's Add-On Items**          **Crave's Copycat Add-On Items**

          

35.     Crave also copied Crumbl's iconic packaging comprised of boxes that fit cookies

with no extra room presented face-up and lying side-by-side:

**Crumbl's Packaging**                    **Crave's Copycat Packaging**







36.     Finally, Crave has also copied Crumbl's unique weekly rotating menu concept:

**Crumbl's Weekly Rotating Menu**        **Crave's Copycat Weekly Rotating Menu**



## The Weekly Rotating Menu

Crumbl's rotating menu features 200+ flavors that are inspired by cakes, candies, pies, and desserts of all kinds. These flavors rotate weekly and keep customers coming back every week to try brand new flavors, stock up on returning favorites, or rediscover our classics.

**THIS WEEK'S MENU**
With over 100+ flavors and growing, we rotate our menu weekly to bring you new and delicious cookies to try on each visit!






37.     As shown by the foregoing, Crave uses a substantially similar name and logo as Crumbl to provide substantially similar products and services to the same group of cookie-loving consumers, markets its products the same way as does Crumbl, and copies Crumbl's product packaging and décor.

38.     Crave's product packaging, décor, and presentation is substantially similar to Crumbl's Crumbl Trade Dress. Specifically, crave packages its cookies in boxes that perfectly fit cookies presented face up and lying side-by-side, uses a weekly rotating menu, and includes a drawing in the shape of a cookie with a bite taken out of it in its packaging, décor, and marketing. Crave's infringing trade dress will be referred to herein as the "Infringing Trade Dress."

39.     Upon information and belief, the similarity between the parties' business models, marks, trade dress, product offerings, and marketing is no coincidence.

40.     Upon information and belief, at the time of Crave's founding, Trent English, Crave's founder was no stranger to Crumbl and its business model and trademarks.

41.     Shortly before Crave's founding, Mr. English toured a Crumbl franchise location and applied to be a Crumbl franchisee.

42.     After Crumbl denied Mr. English's application, he opened his own cookie business with a menu, trade dress, logo, and marketing concepts nearly identical to that of Crumbl.

43.     The fact that Crave was founded by a former Crumbl applicant with knowledge of Crumbl's business and brand identity, shows that Crave was clearly aware of Crumbl and the Crumbl Trade Dress and marks when it commenced use of the Infringing Trade Dress.

44.     Upon information Trent English appropriated an aesthetic and trade dress similar to Crumbl's branding and the Crumbl Trade Dress with the intent to benefit and profit from the

wide-spread name recognition and goodwill Crumbl has built in its marks and trade dress.

45.     Upon information and belief, Crave deliberately adopted the Infringing Trade Dress knowing and intending that the relevant public, including consumers, would likely be confused, thereby unfairly diverting sales from Crumbl to Crave.

46.     As the similarities and crossover in the parties' business models and branding indicate, Crave's use of the Infringing Trade Dress creates a substantial likelihood of consumer confusion or mistake regarding the affiliation, connection, or association of Crumbl with Crave, and may cause consumers to mistakenly believe that Crumbl owns or has sponsored or approved Crave's cookie business.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under § 32 of the Lanham Act, 15 U.S.C. § 1114)**

47.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

48.     Crumbl is the owner of U.S. Reg. Number 5,855,051 for the CRUMBL COOKIES Logo and U.S. Reg. Number 5,910,669 for the "crumbl" mark.

49.     Crumbl has been using the foregoing marks in interstate commerce for years in connection with its gourmet cookies business.

50.     Crumbl's CRUMBL COOKIES Logo and its "crumbl" mark are distinctive of and have become widely known as symbols for Crumbl's quality, gourmet cookies throughout the United States.

51.     Crave's actions as described herein constitute trademark infringement of Crumbl's CRUMBLE COOKIES Logo and "crumbl" mark, including the rights under Registration No. 5,855,051 and Registration No. 5,910,669 under 15 U.S.C. § 1114, in that Crave's use of the

following marks creates a likelihood of confusion among the consuming public as to the source, origin, or association of the parties, or is likely to cause mistake or to deceive:

**Crumbl's Registered Trademarks**          **Crave's Infringing Marks**

          

          

52.     Upon information and belief, Crave was aware of Crumbl's CRUMBL COOKIES Logo and its "crumbl" mark when it committed the acts as alleged herein and intended to profit from and appropriate the goodwill and name recognition Crumbl has established in the marks.

53.     Crave committed its acts of infringement in willful and flagrant disregard of Instructure's lawful rights.

54.     Crave will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above.

55.     Crave's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Crumbl's registered marks, as well as damages and irreparable injury to Crumbl's business, goodwill, and reputation.  Instructure has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Crave's use of its infringing marks is deliberate and willful and constitutes knowing infringement of Crumbl's marks and makes this case exceptional.

56.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C.

§ 1116), Crumbl is entitled to an order from this Court enjoining Crave and its officers, agents, assigns, and employees from using Crumbl's marks or any other confusingly similar marks in the advertising, marketing, or sale of cookies.

57.     By virtue of the foregoing, Crave's conduct is and has been exceptional and Crumbl is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

58.     By virtue of the foregoing, Crumbl is entitled to monetary damages, together with interest thereon, including an award of Crumbl's sustained damages and Crave's profits.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, Unfair Competition, and False Designation of Origin under § 43 of the Lanham Act, 15 U.S.C. § 1125(a))

59.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

60.     Crumbl has been using its Common Law Trademarks, including "crumbl cookies" and a double cookie with a bite taken out of it (shown below) since 2017 in connection with the promotion, offering for sale, sale, and distribution of its gourmet cookies and associated services.

 

61.     Crumbl's Common Law Trademarks are entitled to protection because they are inherently distinctive and non-functional and/or have acquired distinctiveness.

62.     Crave's use of copycat and confusingly similar marks as set forth (and as shown below) herein constitutes false designation of origin or sponsorship of Crave's products and tends to falsely represent that Crave's products and services originate from Crumbl or that Crave's products and/or Crave have been sponsored, approved, or licensed by Crumbl or are in some way affiliated or connected with Crumbl:







63.     Crave's conduct is likely to confuse, mislead, and deceive Crave's customers, purchasers, and members of the public as to the origin of Crave's products or cause said persons to believe that Crave's products and/or Crave has been sponsored, approved, authorized, or licensed by Crumbl or are in some way affiliated or connected with Crumbl in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64.     Upon information and belief, Crave's conduct was and is willful and intentional.

65.     Crave was aware of Crumbl's "crumbl" mark and cookie logo when it committed its acts of infringement and, upon information and belief, intended to profit from and appropriate the goodwill and name recognition Crumbl has established in its mark and cookie logo.

66.     Upon information and belief, Crave intends to cause confusion and mistake and intend to deceive the buyers of its services and products into believing that they are buying products or services produced by, marketed by, sponsored by, approved of, or licensed by Crumbl.

67.     As a direct and proximate result of the foregoing acts, practices, and conduct, Crumbl has been or is likely to be substantially injured in its business, including its reputation by Crave's infringement of Crumbl's mark and cookie logo, resulting in diminished goodwill and reputation, and lost revenue and profits.

68.     Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Crumbl immediate and irreparable harm.

69.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Crumbl is entitled to an order of this Court enjoining Defendants and their officers, agents, assigns, and employees from using Crumbl's mark and cookie logo or any other confusingly similar marks in the advertising, marketing, or sale of products or services from Defendants.

70.     By virtue of the foregoing, Crumbl has suffered damages, the exact amount of which it has not yet been able to determine, and is entitled to recover Defendants' profits, sustained damages and its costs under 15 U.S.C. § 1117.

71.     By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendants' conduct is and has been exceptional and Crumbl is also entitled to

injunctive relief, attorneys' fees, and treble damages, together with interest thereon, in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Trade Dress Infringement, Unfair Competition, and False
Designation of Origin under § 43 of the Lanham Act, 15 U.S.C. § 1125(a))**

72.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

73.     Crumbl has been using the Crumbl Trade Dress since 2017 in connection with the promotion, offering for sale, sale, and distribution of its gourmet cookies and associated services.

74.     Crumbl's Crumbl Trade Dress is entitled to protection because it is inherently distinctive and non-functional and/or it has acquired distinctiveness.

75.     Crave's use of the Infringing Trade Dress constitutes false designation of origin or sponsorship of Crave's products and tends to falsely represent that Crave's products and services originate from Crumbl or that Crave's products and/or Crave have been sponsored, approved, or licensed by Crumbl or are in some way affiliated or connected with Crumbl.

76.     Crave's conduct is likely to confuse, mislead, and deceive Crave's customers, purchasers, and members of the public as to the origin of Crave's products or cause said persons to believe that Crave's products and/or Crave has been sponsored, approved, authorized, or licensed by Crumbl or are in some way affiliated or connected with Crumbl in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

77.     Upon information and belief, Crave's conduct was and is willful and intentional.

78.     Crave was aware of Crumbl's Crumbl Trade Dress when it committed its acts of infringement and, upon information and belief, intended to profit from and appropriate the

goodwill and name recognition Crumbl has established in the Crumbl Trade Dress.

79.     Upon information and belief, Crave intends to cause confusion and mistake and intend to deceive the buyers of its services and products into believing that they are buying products or services produced by, marketed by, sponsored by, approved of, or licensed by Crumbl.

80.     As a direct and proximate result of the foregoing acts, practices, and conduct, Crumbl has been or is likely to be substantially injured in its business, including its reputation by Crave's infringement of the Crumbl Trade Dress, resulting in diminished goodwill and reputation, and lost revenue and profits.

81.     Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Crumbl immediate and irreparable harm.

82.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Crumbl is entitled to an order of this Court enjoining Defendants and their officers, agents, assigns, and employees from using Crumbl's Crumbl Trade Dress or any other confusingly similar trade dress or marks in the advertising, marketing, or sale of products or services from Defendants.

83.     By virtue of the foregoing, Crumbl has suffered damages, the exact amount of which it has not yet been able to determine, and is entitled to recover Defendants' profits, sustained damages and its costs under 15 U.S.C. § 1117.

84.     By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendants' conduct is and has been exceptional and Crumbl is also entitled to injunctive relief, attorneys' fees, and treble damages, together with interest thereon, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**(Utah Deceptive Trade Practices, U.C.A. §§ 13-11a-3 and 13-11a-4)**

85.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

86.     The foregoing conduct and actions of Crave described above, including, without limitation, Crave's infringement of Crumbl's mark and cookie logo and the Crumbl Trade Dress, are likely to cause confusion or misunderstanding among purchasers as to the source, sponsorship, approval, or certification of goods in commerce or to cause confusion or misunderstanding as to the affiliation, connection, or association between Crumbl and Crave, and such conduct and acts therefore constitute deceptive trade practices in violation of the provisions of Utah Code Annotated, Section 13-11a-3.

87.     As a direct and proximate result of the foregoing acts, practices, and conduct, Crumbl has been or is likely to be substantially injured in its business, including its reputation, by Crave's use and infringement of the Crumbl mark and logo and the Crumbl Trade Dress resulting in lost revenues and profits, and diminished goodwill and reputation.

88.     Crumbl has no adequate remedy at law, because the harm caused to Crumbl's goodwill and reputation by Crave's willful conduct can never be fully remedied with an award of money damages. Crave's willful misconduct constitutes a blatant attempt to trade upon and, thereby, to injure Crumbl's unique and valuable commercial identity and should be enjoined by the Court.

89.     Unless enjoined by the Court, Crave will continue to use and infringe Crumbl's intellectual property to Crumbl's irreparable injury. This threat of continuing injury to Crumbl's

business identity, goodwill, and reputation requires injunctive relief to prevent such infringement and to ameliorate and mitigate Crumbl's injury.

90.     Accordingly, Crumbl is entitled to injunctive, monetary relief, costs, and attorneys' fees against Crave pursuant to Section 13-11a-4(2).

**FIFTH CLAIM FOR RELIEF**
**(Utah Unfair Competition Act, U.C.A. § 13-5a-101, *et seq*.)**

91.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

92.     Crave has used and continues to use its infringing mark and cookie logo and the Infringing Trade Dress in connection with the sale, offering for sale, distribution, and promotion of its products and services in such a manner as to misrepresent the source, sponsorship, and approval of Crave's products and services. These actions were and are intentional, unfair, and infringe upon Crumbl's mark and cookie logo and the Crumbl Trade Dress.

93.     Crave's unauthorized use of the mark and cookie logo and the Infringing Trade Dress falsely suggests that such branded goods and services are connected with, sponsored by, affiliated with, related to, and/or approved by Crumbl.

94.     Crave has acted with knowledge of Crumbl's mark and logo and the Crumbl Trade Dress and with the intention of unfairly benefiting from the goodwill symbolized by those marks.

95.     Crave's acts constitute unfair competition and unfair business practices under Utah's Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq*.

96.     Crave's actions have led to a material diminution in value of the Crumbl Trade Dress and intellectual property.

97.     Crumbl has been injured by Crave's misconduct.

98.     Pursuant to Utah Code Ann. § 13-5a-103, Crumbl is entitled to recover damages, costs, attorneys' fees, and punitive damages from Crave for its unfair competition.

### SIXTH CLAIM FOR RELIEF
### (UNJUST ENRICHMENT)

99.     Plaintiffs repeat, reallege, and incorporate each of the foregoing allegations as if fully set forth herein.

100.    Crave has knowingly misused the Crumbl mark and cookie logo as well as the Crumbl Trade Dress to derive profit and otherwise has been enriched as a result of the benefits and goodwill which flow from the marks and Crumbl Trade Dress.

101.    It would be unjust for Crave to retain the profits, gains, and other benefits that it has derived from its illegal use of the infringing mark and logo and the Infringing Trade Dress.

102.    Crave should be required to pay to Crumbl the value of the benefits gained through the unauthorized and unlawful use of the marks and Infringing Trade Dress.

### PRAYER FOR RELIEF

WHEREFORE, Crumbl demands judgment in its favor against Crave as follows:

1.     Enjoining Defendants, and all other persons participating or acting in concert with them, from all acts of trademark infringement, trade dress infringement, unfair competition, and/or any other wrongful conduct alleged in this Complaint;

2.     An order from the Court directing Defendants to provide an accounting of all revenues and profits gained by them while engaging in the acts complained of in this Complaint;

3.     Awarding Plaintiffs their actual damages and any additional damages that the Court deems just and equitable under the circumstances;

4.      Awarding Plaintiffs treble damages and attorneys' fees for Defendants' deliberate and willful misconduct;

5.      Awarding Plaintiffs their attorneys' fees under U.C.A. § 13-11a-3 & 4;

6.      Awarding Plaintiffs prejudgment and post-judgment interest;

7.      Awarding Plaintiffs allowable costs; and

8.      Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs requests a trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and 38(c) and under the United States Constitution.

Dorsey & Whitney LLP

DATED this 10th day of May, 2022.

By: */s/ Tamara L. Kapaloski*
Tamara L. Kapaloski (#13471)

*Attorneys for Plaintiffs*