Justin P. Matkin (8847)
D. Craig Parry (7274)
Rick D. Rose (17594)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
jmatkin@parrbrown.com
cparry@parrbrown.com
rrose@parrbrown.com

*Attorneys for Crave Cookies, LLC and Crave Cookies Franchising, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **CRUMBL, LLC**, a Utah Limited Liability Company, **CRUMBL IP, LLC**, a Utah Limited Liability Company, and **CRUMBL FRANCHISING, LLC**, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>**CRAVE COOKIES, LLC**, at Utah Limited Liability Company, and **CRAVE COOKIES FRANCHISING, LLC**, a Utah Limited Liability Company,<br><br>Defendants. | **MOTION TO BIFURCATE DISCOVERY AND TRIAL ON ISSUES OF LIABILITY AND DAMAGES**<br><br>Civil No. 2:22-CV-00319-TC-CMR<br><br>Judge Tina Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Defendants Crave Cookies, LLC ("Crave Cookies") and Crave Cookies Franchising, LLC ("Crave Franchising") (collectively, "Defendants" or "Crave") file this Motion to Bifurcate Discovery and Trial on Issues of Liability

and Damages as it pertains to the claims alleged in Plaintiffs Crumbl, LLC, Crumbl IP, LLC, and Crumbl Franchising, LLC's (collectively "Plaintiffs" or "Crumbl") Amended Complaint (ECF No. 25).

## RELIEF REQUESTED

Crave requests that this Court bifurcate discovery and trial between liability and damages and stay discovery on damages until after a finding on liability.

## INTRODUCTION

Plaintiffs allege six claims against Defendants, and each of them is based entirely on the alleged infringement of Plaintiffs' trademarks or trade dress. None of Plaintiffs' claims requires proof of damages to establish liability; therefore, evidence of Plaintiffs' damages and Defendants' profitability is entirely irrelevant to this Court's or a jury's determinations regarding liability. Accordingly, the parties, the Court, and the jury would be better served by bifurcating liability and damages for both discovery and trial. Indeed, separating these issues would be more judicially economic, convenient to the parties and the Court, expeditious, and decrease the likelihood of prejudice and jury confusion.

## ARGUMENT

Federal Rule of Civil Procedure 42(b) specifies that, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . .." Under this rule, district courts have "broad discretion in deciding whether to sever issues for trial." *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). "When a court orders separate trials, it may stay discovery of the issues to be tried in the second trial pending resolution of the first action." *You "Roland" Li v. Lewis*, No. 1:20-CV-12 TS-PMW, 2020 WL

1169460, at *1 (D. Utah Mar. 11, 2020) (citing *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970)). Courts find it useful to "bifurcate liability and damages phases at trial where proof of damages does not form an element of the claim." *Alfwear, Inc. v. Icon Health & Fitness, Inc.*, No. 2:17-CV-00476-EJF, 2018 WL 6592728, at *1 (D. Utah Dec. 14, 2018) (citations omitted). Bifurcation is appropriate to promote "(1) judicial economy, (2) convenience to the parties, (3) expedition, and (4) avoidance of prejudice and confusion." *Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007).

Bifurcation of liability and damages is proper here because: (A) the issues here are clearly separable, and damages do not form the elements of any of Plaintiffs' claims; and (B) bifurcation would serve the goals of judicial economy, convenience, expedition, and avoidance of prejudice and confusion.

### A. The Issues Presented in this Dispute Are Clearly Separable

Plaintiffs' claims are "clearly separable," and none requires proof of damage to establish liability. An issue is "clearly separable" when "the issues and testimony are different" even though "the same witnesses may testify in both phases" of the bifurcated trial. *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 965 (10th Cir. 1993). Here, all of Plaintiffs' claims require a showing that Crave improperly used Plaintiffs' alleged trademarks or trade dress and caused consumer confusion before Plaintiffs are required to make a showing of damages.

Plaintiffs' first three claims are all brought under the Lanham Act: alleged infringement of a registered mark (15 U.S.C. § 1114), alleged infringement of an unregistered mark (15 U.S.C. § 1125), and alleged trade dress infringement (15 U.S.C. § 1125). (Am. Compl. ¶¶ 57–95, ECF No. 25.) The elements for these three claims are quite similar, requiring a showing of a protectable

interest in a mark or trade dress and the likelihood of consumer confusion but not requiring any proof of damage to establish liability. *See Utah Republican Party v. Herbert*, 141 F. Supp. 3d 1195, 1203 (D. Utah 2015) (reciting the elements for a trademark infringement claim) (citing *1–800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir.2013)); *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007) (reciting the elements for a trade dress infringement claim).

Plaintiff's Fourth Claim for Relief under Utah's Deceptive Trade Practices Act requires a proof of consumer confusion similar to the Lanham Act claims and should be treated the same. (Am. Compl. ¶¶ 96–101.) For example, Plaintiffs allege that "Crave's infringement of Crumbl's mark and cookie logo and the Crumbl Trade Dress, are likely to cause confusion or misunderstanding among purchasers as to the source, sponsorship, approval, or certification of goods in commerce or to cause confusion or misunderstanding as to the affiliation, connection, or association between Crumbl and Crave." (*Id.* ¶ 97.) Like the Lanham Act, the Utah Act does not require proof of damages as an element to establish liability. *See* Utah Code §§ 13-11a-3, 13-11a-4.

Additionally, Plaintiff's Fifth Claim for Relief, alleging a violation of Utah's Unfair Competition Act, is directly dependent upon a trademark or trade dress violation and, therefore, inherently does not require proof of damages as an element to establish liability. (*See* Am. Compl. ¶¶ 102–09; *see also* Utah Code § 13-5a-102(4)(a) (noting that an unfair competition claim requires a showing that the defendant is engaged in "unlawful, unfair, or fraudulent" practices that "leads to a material diminution in value of intellectual property" *and* constitutes "infringement of a patent, trademark, or trade name").)

Finally, Plaintiffs' Sixth Claim for Relief, unjust enrichment, is similarly dependent upon the validity of the alleged infringement of Plaintiffs' marks and trade dress. (*See* Am. Compl. 110–113.) For this claim, Plaintiffs plead that, "Crave has knowingly misused the Crumbl mark and cookie logo as well as the Crumbl Trade Dress to derive profit and otherwise has been enriched as a result of the benefits and goodwill which flow from the marks and Crumbl Trade Dress." (Am. Compl. ¶ 111.) Additionally, unjust enrichment does not require proof of damages to establish liability. *See Hess v. Johnston*, 2007 UT App 213, ¶ 20, 163 P.3d 747, 754 (noting that an unjust enrichment claim requires proof of: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." (citation omitted)). Thus, liability under unjust enrichment does not depend upon a showing of damages and, therefore, liability and damages issues are clearly separable.

### B. Bifurcation is Economic, Convenient, and Expeditious; Would Reduce Jury Confusion; Minimizes Prejudice to Crave; and Does Not Prejudice Plaintiffs.

Each factor courts typically consider in determining whether liability and damages should be adjudicated separately weighs in favor of bifurcation.

*First*, separately deciding liability from damages is the most convenient, expeditious, and economic route for this Court and the parties. To succeed on any of their claims, Plaintiffs will first have to establish the likelihood of consumer confusion or that Crave used Crumbl's marks before the issue of damages is even relevant. Thus, separately conducting discovery on and otherwise limiting first phase of this dispute to just the issue of liability will avoid the potential for premature, unnecessary litigation and discovery regarding damages (e.g., Plaintiffs' lost profits

and Defendants' profits). In avoiding potentially unnecessary discovery, litigation, and presentation of evidence, the parties will certainly save time and money and avoid prematurely and unnecessarily consuming the Court's time and other judicial resources. *See Alfwear*, 2018 WL 6592728, at *2 ("If the jury in the first [phase] finds in the Defendants' favor, then there would be no trial on damages, and no time whatsoever would be used in presenting evidence, argument and instructions on issues regarding damages. In the end, this would promote economy." (citation omitted)).

*Second*, bifurcation here would help reduce jury confusion. In cases involving trademark, unfair competition, and other similar claims, the issues of consumer confusion and liability are complicated issues that place a substantial burden on a jury to consider in a single trial. Indeed, the consumer confusion aspect of Plaintiff's claims will be the subject of extensive expert testimony and surveys. *See, e.g., Hornady Mfg. Co. v. Doubletap, Inc.*, 746 F.3d 995, 1005 (10th Cir. 2014) (considering the methodology and questions asked in consumer confusion survey presented by an expert witness); *Water Pik, Inc. v. Med-Sys., Inc.*, 726 F.3d 1136, 1144–50 (10th Cir. 2013) (same); *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 974–75, 79–80 (10th Cir. 2002) (same). Similarly, in these cases, damage calculations typically "involve a number of calculations and expert testimony that may not be necessary if the trier of fact determines either that [the defendant] does not have liability or at least did not act willfully." *Alfwear*, 2018 WL 6592728, at *2. Given the complexity of these calculations and issues, "damages evidence could distract and confuse the jury." *Id.*

*Third*, bifurcation avoids prejudicing Defendants. Separating liability from damages avoids the potential prejudice that a jury would conflate Defendants' profitability or Plaintiffs'

6

plateau or decrease in sales[1] with actual consumer confusion or a likelihood thereof. *See Amos v. W.L. Plastics, Inc.*, No. 2:07-CV-49 TS, 2009 WL 5197143, at *2 (D. Utah Dec. 22, 2009) ("Courts have recognized that introduction of evidence offered only to prove damages poses a substantial risk of impairing the jury's objectivity on the liability issue in a case." (citation omitted)). Defendants' and Plaintiffs' financial situations are irrelevant to determining liability and, therefore, the risk of prejudice that accompanies the presentation of such evidence outweighs any potential benefit. *See e.g., Est. of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016) (noting that where evidence has "little, and in large part no, relevance to the liability issue, district courts should bifurcate" the issues to avoid potential prejudice to the parties); *Wilson v. K.T.G. (USA), Inc.*, No. 16-CV-02508-TMP, 2018 WL 8335139, at *2 (W.D. Tenn. Nov. 16, 2018) (noting that in a Title VII case that "[e]vidence relating to punitive damages would be irrelevant to determining liability and therefore could conflate the issues, confuse the jury, and result in prejudice"); *Murphy v. Sandoval Cnty.*, No. 117CV00585SWSMLC, 2019 WL 8881628, at *2 (D.N.M. Feb. 1, 2019) (noting that it is prudent to bifurcate liability issues if damages are not relevant to liability because, in the punitive damages context, a jury may improperly conflate the legal elements of punitive damages with compensatory damages or erroneously award higher compensatory damages in a weak case.)

Additionally, and most importantly, proof of a defendant's sales is required to establish damages for a Lanham Act, Utah Deceptive Trade Practices Act, and on unjust enrichment claim. *See Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013) (noting that under

---

[1] To be clear, Defendants do not know or have any suspicion that Plaintiffs are experiencing a plateau or decreased revenue. Rather, Defendants are merely providing an example of how Defendants' or Plaintiffs' revenue may be conflated with liability or consumer confusion.

the Lanham Act that a plaintiff may recover disgorgement of profits (citing 15 U.S.C. § 1117(a) and collecting cases)). Even a damages case of Plaintiffs' lost profits depends on proof of Crave's sales because Plaintiff must show that but for Crave's infringement, Plaintiff would have made those specific sales. *See First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1087 (D. Kan. 2000) ("Typically, damages are measured by any direct injury which a plaintiff can prove, as well as any lost profits which the plaintiff would have earned but for the infringement." (citation omitted); *see also, TruGreen Companies, L.L.C. v. Mower Bros.*, Inc., 2008 UT 81, ¶ 17, 199 P.3d 929, 933 (noting that to prove lost profits damages, a plaintiff may "use as evidence a defendant's gains" (collecting cases)). Crave and Plaintiff are direct competitors in the same market. Sales information is obviously one of the most confidential types of information, and it is never disclosed to a competitor. In fact, courts bifurcate damages from liability for this very reason. *See Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 9 (D.P.R. 1997) ("Moreover, if the defendant prevails on the issue of liability, its asserted interest in protecting its confidential documents from discovery on the issue of damages would be vindicated."). Further, a protective order and producing sensitive financial information as attorneys' eyes only does not ameliorate this concern. The evidence of Crave's sales would be produced in open court, not only for Plaintiffs' view, but for any other company in the highly competitive Utah gourmet cookie market to see. The harm of disclosure will be realized, *even if Plaintiff ultimately fails to prove that Crave is liable.*

***Fourth***, and finally, bifurcating liability from damages does not prejudice Plaintiffs. None of Plaintiffs' claims requires evidence of damages to establish liability; therefore, Plaintiffs' will not be disadvantaged in attempting to prove liability without damages evidence. *See Amos*, 2009 WL 5197143, at *2 (rejecting plaintiff's arguments that bifurcation would "result in a sterilization

8

of their case" because bifurcation "simply limit[ed] the amount of emotional evidence concerning damages admitted during the liability phase" and because "any prejudice to [p]laintiffs is less than the prejudice [d]efendant may face" because of the bifurcation).

## CONCLUSION

For the foregoing reasons, this court should bifurcate the issue of damages from liability for discovery and trial.

DATED this 5th day of July, 2022.

                          **PARR BROWN GEE & LOVELESS, P.C.**

                          */s/     Justin Matkin*
                          D. Craig Parry
                          Justin Matkin
                          Rick D. Rose
                          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of July, 2022, I caused a true and correct copy of the foregoing **MOTION TO BIFURCATE DISCOVERY AND TRIAL ON ISSUES OF LIABILITY AND DAMAGES**, to be electronically filed with the Court which sent electronic notice to the following:

>Tamara L. Kapaloski (13471)
>**DORSEY & WHITNEY LLP**
>111 S. Main Street, Suite 2100
>Salt Lake City, UT 84111
>Telephone: (801) 933-7360
>Fax: (801) 933-7373
>kapaloski.tammy@dorsey.com
>
>Case Collard
>**DORSEY & WHITNEY LLP**
>1400 Wewatta Street, Suite 400
>Denver, CO 80202-5549
>Telephone: (303) 689-3400
>Fax: (303) 629-3450
>collard.case@dorsey.com

*/s/ Kathy Spencer*